IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Tim Corey, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C/A No. 9:11-1078-TMC-BM |
| | ) | |
| Warden Leroy Cartledge; | ) | |
| Associate Warden Scott Lewis; | ) | **OPINION & ORDER** |
| Steven J. Reck; Michael | ) | |
| Labbshire; Rob Peele; J. | ) | |
| Franklin; Ms. Young; | ) | |
| Ms. Walker; N. Barbor; | ) | |
| C. Rushton; Ms. Bell; | ) | |
| Ms. Moss; R. Thomas; | ) | |
| NFN Jackson; Lt. Thompson; | ) | |
| Sgt. Munday; Marcia Fuller; | ) | |
| Nurse Andrews; and SCDC | ) | |
| William Byars, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, an inmate proceeding *pro se*, seeks relief pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. On June 30, 2011, Magistrate Judge Bristow Marchant issued a Report and Recommendation ("Report") recommending that Defendants Cartledge, Lewis, Reck, Walker, Barber, Rushton, Thomas, Jackson, Thompkins, Munday, Andrews, and Byars be dismissed without prejudice and without issuance and service of process. (Dkt. # 10). The Magistrate Judge provided Plaintiff a notice advising him of his right to file objections to the Report. (Dkt. # 10 at 16). On July 18, 2011, Plaintiff filed objections to the Magistrate Judge's Report. (Dkt. # 14).

The court is charged with making a de novo determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to

the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

Plaintiff is incarcerated at McCormick Correctional Institution. In his Complaint, Plaintiff alleges Defendants have violated his constitutional rights. The Magistrate Judge found that the Complaint fails to state a claim on which relief may be granted against the Defendants Cartledge, Lewis, Reck, Walker, Barber, Rushton, Thomas, Jackson, Thompkins, Monday, Andrews, and Byars, and recommended that these Defendants be dismissed from the Complaint without prejudice and without issuance and service of process. The Magistrate Judge stated the Complaint should be served on the remaining Defendants Labbshire, Peele, Franklin, Young, Bell, Moss, and Fuller. The Magistrate Judge also recommended that Plaintiff's allegations concerning "stolen property" and with respect to the "Chaplin's office," "security issues," and "housing issues" be dismissed without prejudice.

Plaintiff filed what was docketed as objections to the Report. However, after carefully reviewing Plaintiff's filing, the court cannot discern any specific objections to the Magistrate Judge's Report. Rather, it appears Plaintiff was attempting to file a motion for an injunction. (Dkt. # 14-1 at 4; 14-3 at 1; and 14-4 at 3; *See also* Dkt. # 20 - Pl.'s Mot. for Summ. J. at 1.)

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of both Preliminary Injunctions and temporary restraining orders. Pursuant to Rule 65, "a

2

temporary restraining order may be granted . . . only if it clearly appears from specific facts shown . . . that immediate and irreparable injury, loss, or damage will result to the applicant."  Both a preliminary injunction and a temporary restraining order are extraordinary remedies which will not be granted unless there is a clear showing of both likely success and irreparable injury.  *Winter v. Natural Resources Defense Counsel, Inc.*, 555 U.S. 7 (2008).  In order to obtain such relief, plaintiff must establish: 1) the likelihood that the plaintiff will succeed on the merits; 2) the likelihood of irreparable harm to the plaintiff if the injunction is not granted; 3) that the balance of equities tips in his favor; and 4) the injunction is in the public interest. *Id.*  Further, all four requirements must be satisfied. *Id.*  Preliminary injunctions are not to be granted automatically." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).  They are extraordinary remedies afforded prior to trial at the discretion of the district court. *Id.*

      Plaintiff alleges Defendants are hindering his ability to access the courts through the mail and he seeks the removal of Defendants Franklin and Young from the mailroom or that these Defendants be ordered not to hinder Plaintiff's access to the courts.  (Dkt. # 14-3 at 2; 14-1 at 5.)  Plaintiff contends he cannot send legal mail out.  (Dkt. # 14 at 2).  However, the record in this case belies Plaintiff's claims that he cannot send out legal mail or will not be able to effectively prosecute this action.  Since he filed this motion, Plaintiff has filed several additional motions in this case, demonstrating his ability to effectively prosecute this action.  Plaintiff has not shown that irreparable harm is likely to occur if his motion is denied.  There is no evidence in the record that Plaintiff will suffer irreparable harm. Nor has plaintiff established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief.  Therefore, Plaintiff has failed to establish the elements necessary to demonstrate the need for a preliminary injunction.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Plaintiff's objections, to the extent he filed any, are without merit. Accordingly, the court adopts the Report and incorporates it herein. Defendants Cartledge, Lewis, Reck, Walker, Barber, Rushton, Thomas, Jackson, Thompkins, Monday, Andrews, and Byars, are **DISMISSED** from this action without prejudice and without issuance and service of process. Further, Plaintiff's allegations concerning "stolen property" and with respect to the "Chaplin's office," "security issues," and "housing issues" are also dismissed without prejudice. Further, to the extent that Plaintiff filed a motion for an injunction, that motion is denied.

This matter is returned to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

November 21, 2011
Greenville, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4